IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRICK LIPSEY,                          )
                    Plaintiff,           )
                                         )
    V.                                   )        Case No.  06-CV-00423-(RWR)
                                         )
DEPARTMENT OF JUSTICE                    )
EXECUTIVE OFFICE FOR UNITED              )
STATES ATTORNEYS,                        )
                    Defendant.           )
_____

## DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1)  I am an attorney advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice.  In that capacity, my responsibilities include:

acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in

responding to requests and the litigation filed under both the Freedom of Information Act

("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"); the

review  of FOIA/PA requests for access to records located in this office and 94 United States

Attorney's offices ("USAO's") and the case files arising therefrom; the review of correspondence

related to requests; the review of searches conducted in response to requests; the location of

responsive records; and preparation of responses thereto by the EOUSA to assure that

determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et. seq.  and §16.40 et. seq.).

1

2)  As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release and/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts.  The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3)  Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Derrick Lipsey (hereinafter referred to as "Mr. Lipsey "). I have reviewed the complaint which this Declaration addresses.

CHRONOLOGY-REQUEST NUMBER 02-1901

4)  By letter dated June 17, 2002, Mr. Lipsey requested all records on himself for his criminal case in the USAO for the Southern District of Ohio ("OHS"); see Exhibit A for a copy of this request.

5)  By letter dated September 27, 2004, EOUSA responded to Mr. Lipsey's request, releasing 118 pages in full and 29 pages in part and withholding 30 pages in full; see Exhibit B for a copy of the letter of September 27, 2004.[1]

6)  By letter dated September 26, 2006, EOUSA made a supplemental release of documents to Mr. Lipsey, releasing two pages in full and five pages in part; see Exhibit C for a copy of the letter of September 26, 2006.  By letter dated September 29, 2006, EOUSA made an additional supplemental release to Mr. Lipsey, releasing seven pages in full; see Exhibit C.1 for a copy of the letter of September 29, 2006.

---

[1]An additional three pages were released in full upon Mr. Lipsey's administrative appeal.

CHRONOLOGY-REQUEST NUMBER 05-247

7)  By letter dated October 6, 2004, Mr. Lipsey requested a particular court order and the grand jury materials in his criminal case; see Exhibit D for a copy of this request.

8)  By letter dated March 28, 2005, EOUSA responded to Mr. Lipsey's request, releasing ten pages in full and indicating that it had withheld all grand jury materials [2]; see Exhibit E for a copy of the letter of March 28, 2005. EOUSA never received any grand jury materials from USAO/OHS.

SEARCH

9)  Upon receipt of Mr. Lipsey's requests EOUSA sent them to the USAO/OHS to search for his records. Nancy Vincent, the FOIA coordinator of the USAO/OHS, performed the searches for both his requests. Attached as Exhibit F is a copy of her separate declaration in which she states how she conducted the searches.

PRIVACY ACT EXEMPTION

10)  EOUSA processes all requests by individuals for records pertaining to themselves under both the Freedom of Information and the Privacy Acts in order to provide the requester the maximum disclosure authorized by law.  The Criminal Case Files maintained by various U.S. Attorney Offices are within the regulations pertaining to the Department of Justice Privacy Act Systems of Records at 28 C.F.R.  §16.81 (a)(4).  Pursuant to 28 C.F.R. §16.81, the Attorney General has exempted Criminal Case Files from the Privacy Act's access provisions because they

---

[2]Based on its interpretation of the USAO/OHS transmittal form stating that it was not forwarding grand jury material, EOUSA concluded that there was grand jury material and asserted Exemption (b)(3), FRCrP (6)(e) to withhold the materials. Upon subsequent inquiry, EOUSA determined that it had misunderstood and that the search by the USAO/OHS had yielded no grand jury material.

3

are records of an agency which performs as its principal function activity pertaining to the enforcement of criminal laws.  The Privacy Act, 5 U.S.C.  § 552a(j)(2), exempts from mandatory disclosure records maintained by an agency or component thereof, which performs as its principal function any activity pertaining to the enforcement of criminal laws.  Here, because the Mr. Lipsey's  records were part of the criminal case  files of the USAO/OHS, and were, therefore, compiled for law enforcement purposes, it was determined that the records withheld, which were responsive to Mr. Lipsey's request, were not disclosable under the Privacy Act.

## FREEDOM OF INFORMATION ACT EXEMPTIONS

EOUSA asserts the following exemptions in its Vaughn Index attached and made a part hereof as Exhibit G:

### EXEMPTION 5 U.S.C. 552 Section (b)(2)

11)    Exemption (b)(2) of the FOIA protects from mandatory disclosure documents "related solely to the internal personnel rules and practices of an agency." Exemption (b)(2) covers two distinct categories of records, depending upon whether the records fall into the "high" (b)(2) category or the "low" (b)(2) category. EOUSA is asserting only low (b)(2) in this case.

Exemption "low" (b)(2) of the FOIA protects from disclosure internal procedures and practices of an agency, where disclosure would constitute an administrative burden unjustified by any genuine and significant public benefit.  Information can be protected through the use of "low" (b)(2) only if the information qualifies as a personnel rule or internal practice of an agency or is sufficiently related to such a rule or practice.  Thus, trivial administrative data, such as file numbers, mail routing stamps, initials, data processing notations, brief references to previous

4

communications, and other like administrative markings are exempt from disclosure.

EOUSA applied this exemption to withhold a Federal Express account number which is described in the Vaughn Index.

## EXEMPTION 5 U.S.C. Section 552 (b)(3)

12)      Exemption (b)(3) exempts from mandatory release information specifically exempted from disclosure by another statute. This exemption permits the withholding of information of information prohibited from disclosure by another statute if that statute either (A) requires that the matters be withheld from the public without discretion, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. 5 U.S.C. section 552(b)(3).

EOUSA applied Exemption (b)(3) to withhold a Pretrial Services Report.  Under 18 U.S.C.  3153, "Organization and administration of pretrial services", information obtained in the course of performing pretrial functions shall be used only for the purposes of bail determination is otherwise strictly confidential. Accordingly, EOUSA withheld this report.[3]

## EXEMPTION 5 U.S.C. Section 552(b)(5)

13) Exemption (b)(5) of the FOIA exempts from disclosure privileged documents which are not ordinarily available to a party in litigation.  The three primary privileges most frequently invoked in applying this exemption are: attorney work-product, deliberative process, and attorney-client privilege.

---

[3]This document is also withheld under Exemption (b)(7)(C); for general application of this Exemption; see below.

14)  EOUSA asserts Exemption (b)(5) to protect information pursuant to the attorney work- product privilege.

15)  The records to which the attorney work-product privilege is applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Mr. Lipsey's criminal case.  The records were prepared by an attorney or at an attorney's request or direction, and made in anticipation of or during litigation.  The substance of the records are such as to be exempt from disclosure pursuant to this privilege.

## EXEMPTION 5 U.S.C. Section 552(b)(7)(C)

16)  Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy.  All information at issue in this case was compiled for law enforcement purposes in order to prosecute Mr. Lipsey for violations of criminal statutes.

17)  Exemption (b)(7)(C) was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.  Release of the identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case, all to their detriment.

18)  This exemption also applies to withhold identities of individuals such as special federal agents, government employees, and local law enforcement personnel who participated in the investigation and prosecution of this case.  Individual duties and assignments are not public

6

and such publicity as would likely arise from disclosure would seriously impede, if not totally
jeopardize, law enforcement effectiveness in subsequent cases, even subjecting such individuals
to harassment or harm. These persons have protected privacy interests in the conduct of law
enforcement investigations.

19) The EOUSA determined that there was no public interest in the release of this
information because dissemination of the information would not help explain the activities and
operations of the EOUSA. No public interest would counterbalance the individual's(s') privacy
right in the information withheld under this exemption. Indeed, Mr. Lipsey provided this office
with no authorizations or consents to release otherwise personal privacy protected materials from
any third party individual.

20) The EOUSA asserts exemption (b)(7)(C) to withhold the names of persons and
personal information, falling within these categories, in documents more fully detailed in the
Vaughn Index, Exhibit G

## HANDLING AND SEGREGABILITY

21) Each step in the handling of Mr. Lipsey's request has been entirely consistent with the
EOUSA and the United States Attorney's office procedures which were adopted to insure an
equitable response to all persons seeking access to records under the FOIA/PA.

22) The Vaughn Index attached to this declaration describes with particularity each
document and all meaningful information contained therein. Each document, and the pages
contained in each document, was evaluated for segregability initially, and again during the
preparation of the Index. Where a document was withheld in its entirety, EOUSA determined that
no meaningful portions could reasonably be released without destroying the integrity of such

7

document as a whole.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 29 2006.

_____
                    John Kornmeier

*These documents may be located in the US District of Ohio, Southern division, Columbus, Ohio 43215*

RE: FOIA/PA Request

Agency Administrator: ████████  *Executive office for United States Attorneys.*



Pursuant to the **FREEDOM OF INFORMATION ACT, 5 USC § 552 (FOIA) AND THE PRIVACY ACT OF 1974, 5 USC § 552a, (PA)**, I hereby request a complete copy of all records that the above agency has on me. My social Security Number is – – and my D.O.B. is – – .

This is to be considered a FORMAL REQUEST under the FOIA/PA and your immediate and strict compliance with this request is fully expected, pursuant to section 552a(6)(A)(1).

I request a copy of all records referring to me that are maintained at the above agency, including (but not limited to) documents, reports, memoranda, letters, electronic files, database, references, "DO NOT FILE" files, "O&C" files, "P&C" files, photographs, audiotapes and videotapes, electronic (ELSUR) or photographic surveillance, "JUNE" mail, mailcover, trash covers and other miscellaneous files; and any index citations relating to me or referencing me, (SEE also) in other files. Please check all indexes and interpret this request very broadly.

I shall expect a legal justification for each and every deletion or exclusion made as well as index of all deleted or excised records, as provided by the FOIA/PA regulation, all segregated portions must be released. If the requested material is released with deletion, as authorized I request that each deletion be marked to indicate the exemption(s) being claimed to authorize each particular withholding. In addition, I ask that each agency exercise its discretion to release records which may be technically exempt, but where withholding serves no important public interest.

In aid to determine my status, and to assess fees, you should know that I am a federal inmate, and determined to be PAUPER within the meaning of 28 USC § 1915 and, unable to pay for search and copy fees, as such, does not suspend this request. Further, being primarily a PA request, and individual requestor, fee waiver is warranted.

As provided by the ACTS, I shall expect a response to this request within ten (10) days of receipt, pursuant to sections 4, 6, and 7 of t

GOVERNMENT
EXHIBIT

A

also the date received and the date of intent to comply with the requirement of the request.

Also, included in this request, I request the names of individuals, agencies and/or any and all organizations who have received, requested or in any form obtained any of the information related to my file, name and title of person authorizing this transaction in this agency, and for what purposes any information was provided to any of the above, pursuant to Title 5 USC § 552.

Further, I request your agency's Vaughn List on me, pursuant to <u>Vaughn v Rosen</u>, 484 F.2d. 820 (DC Cir. 1973) cert. denied 415 U.S. 977 (1974).

Respectfully submitted,

*Derrick Lynsey*
6/17/02

cc:File



**U.S. Departmen.     Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C.  20530*
*202-616-6757  Fax 202-616-6478*

Requester:   Derrick Lipsey                                   Request Number:   02-1901

Subject of Request:    Self

Dear Requester:

     Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

              SEP 2 7 2004

     To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 C.F.R. §16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [ X ] partial [   ] full denial.

     Enclosed please find:

    118   page(s) are being released in full (RIF);
     29   page(s) are being released in part (RIP);
     30   page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

     The exemption(s) cited for withholding records or portions of records are marked below.  An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) | [ X ] (j)(2) |
| [ X ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [   ] (k)(2) |
| [   ] (b)(3) | [   ] (b)(6) | [ X ] (b)(7)(D) | [   ] (k)(5) |
| _____ | [   ] (b)(7)(A) | [   ] (b)(7)(E) | [   ] _____ |
| _____ | | [   ] (b)(7)(F) | |

     [   ]  In addition, this office is withholding grand jury material which is retained in the District.

(P.
Form No. 021

**GOVERNMENT EXHIBIT**
**13**

[ X ]    A review of the material revealed:

    [ X ]    _____1_____ page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:____Bureau of Prisons_____

    [ X ]    There are public records which may be obtained from the clerk of the court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees.

    [ X ]    See additional information attached.

This is the final action this office will take concerning your request.

    You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

    Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

                            Sincerely,

                            *JlC*

                            Marie A. O'Rourke
                            Assistant Director

Enclosure(s)

Form No. 021 - no fee - 2/04

Supplemental Page Pertaining to Presentence Investigation Reports

[ X ]   A copy of your Pre-Sentence Investigation Report (PSR) has been found in the material located in a United States Attorney's Office.  It appears that you are an inmate in a Federal correctional facility, which is under the jurisdiction of the Bureau of Prisons.  Access to your PSR therefore will be granted in accordance with the enunciated policy of the Bureau of Prisons.

        The Bureau of Prisons policy with respect to Pre-Sentence Reports is that effective November 2, 2002, for safety and security reasons, inmates in Federal correctional facilities may not obtain or possess photocopies of their Pre-Sentence Reports (See Reissued Program Statement No. 1351.05, Release of Information September 19, 2002)).  However, their policy provides you with a reasonable opportunity to access and review your PSR locally.  The procedure is to make a request through your Unit Team to access and review your records, as provided by the above-referenced Program Statement.  If you have any further questions about the Bureau of Prisons policy, please contact your Unit Team.

Form No. O43 - 11/02

U.S. Departme    f Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C.  20530
202-616-6757  Fax 202-616-6478

---

Requester:_____Derrick Lipsey_____Request Number:_____02-1901_____
Subject of Request:_____Self_____

SEP 2 6 2006

Dear Requester:

   Your request for records under the Freedom of Information Act/Privacy Act was processed previously This letter constitutes a supplemental reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

   To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

   The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [ x ] partial [    ] full denial.

   Enclosed please find:

_____2___ page(s) are being released in full (RIF);
_____5___ page(s) are being released in part (RIP);
_____ page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

   The exemption(s) cited for withholding records or portions of records are marked below.  An enclosure to this letter explains the exemptions in more detail.

|   Section 552  |   |   |   Section 552a  |
|---|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) | [ x ] (j)(2) |
| [   ] (b)(2) | [   ] (b)(5) | [ x ] (b)(7)(C) | [   ] (k)(2) |
| [   ] (b)(3) | [   ] (b)(6) | [   ] (b)(7)(D) | [   ] (k)(5) |
| _____ | [   ] (b)(7)(A) | [   ] (b)(7)(E) | [   ] _____ |
| _____ | | [   ] (b)(7)(F) | |

(F

Form No. 02


GOVERNMENT
EXHIBIT
C

[  ]   A review of the material revealed:

[  ]   _____ page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:_____

[  ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[  ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:
_____

[  ]   See additional information attached.

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure(s)

(Page 2 of 2)



**U.S. Departme f Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: **Derrick Lipsey**　　　　　　　　　Request Number: **02-1901**

Subject of Request: **Self/OHS**

Dear Requester:　　　　　　　　　　　　　　　　　　　　SEP 2 9 2006

     Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a supplemental reply from the Executive Office for United States Attorneys, the official recordkeeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     All of the records you seek are being made available to you. We have processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a full release.

[   ]　A review of the material revealed:

[   ]　_____ pages originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the component(s) listed for review and direct response to you:_____.

[   ]　There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[   ]　Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:_____

[   ]　See additional information attached.

(Page 1 of 2)
No. 021A - no fee - 2/06



GOVERNMENT EXHIBIT
C-1

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

(Page 2 of 2)
No. 021A - no fee - 2/06

File # 02-1901
CCS

Dear Ms. Marie O'Rourke:

Recently I received several documents via F.O.I.A request. (See, initial page with date of Sept. 27, 2004). On page 2 of 2 of these documents I am informed that if I would like a copy of certain public records I can obtain them from your office subject to copying fees.

As such, I would like for you to provide me with a copy of the District Courts Order denying my 1993 request to Withdraw My Guilty plea and a copy of my grand jury material.

Please advise me as to the cost of this documents.

Derrick L. Lipsey
# 99099-012 - CArd. Unit.
S.S.# 286 60 9413
P.O. Box 14500
Federal Medical Center
Lexington, Ky 40512

I, Derrick Lipsey, do declare that this request is made by me on this 4th day of October, 2004. This declaration is made pursuant Title 28 U.S.C. § 1746(2) describing that such declaration is made under the penalty of perjury.

Derrick L

GOVERNMENT
EXHIBIT
D



**U.S. Departmei    : Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C.  20530*
*202-616-6757  Fax 202-616-6478*

Requester:__Derrick Lipsey_____Request Number:__05-247_____

Subject of Request:___Self (court order & grand jury material)_____

Dear Requester:

   Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

   To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

   The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 C.F.R. §16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [ X ] partial [     ] full denial.

   Enclosed please find:                                             MAR 2 8 2005

_____10__ page(s) are being released in full (RIF);
_____ page(s) are being released in part (RIP);
_____ page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

   The exemption(s) cited for withholding records or portions of records are marked below.  An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) | [ X ] (j)(2) |
| [   ] (b)(2) | [   ] (b)(5) | [   ] (b)(7)(C) | [   ] (k)(2) |
| [ X ] (b)(3) | [   ] (b)(6) | [   ] (b)(7)(D) | [   ] (k)(5) |
| _FRCrP Rule_ | [   ] (b)(7)(A) | [   ](b)(7)(E) | [   ] _____ |
| 6(e) | | [   ] (b)(7)(F) | |

   [ X ]  In addition, this office is withholding grand jury material which is retained in the District.

Form No. 0                                        

[  ]    A review of the material revealed:

        [  ] _____ page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:_____

        [  ]    There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

        [ X ]    See additional information attached.

        This is the final action this office will take concerning your request.

        You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

        Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

        After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

(Page 2 of 2)
Form No. 021 - no fee - 2/04

# ADDENDUM TO THE EXPLANATION OF EXEMPTION SHEET

■ Rule 6(e) of the Federal Rules of Criminal Procedure pertains to the Federal Grand Jury, its integrity and the secrecy surrounding the Jury.

❑ Under the Freedom of Information Act, an agency has no discretion to release any record covered by an injunction, protective order, or court seal which prohibits disclosure. See GTE Sylvania, Inc. v. Consumers Union, 445 U.S. 375, 386-387 (1980); See also Robert Tyrone Morgan v. U.S. Dept. of Justice, 923 F.2d 195 (D.C. Cir. 1991).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRICK LIPSEY,

      Plaintiff,

    v.                            CASE NO. 1:06CV00423

DEPARTMENT OF JUSTICE,          JUDGE RICHARD W. ROBERTS

      Defendant.

## DECLARATION OF NANCY VINCENT

    I, Nancy Vincent, declare the following to be a true and correct statement of facts:

    1.    I am a paralegal specialist in the United States Attorney's Office for the Southern District of Ohio ("USAO-SDOH"). My responsibilities include serving as liaison (FOIA Coordinator) to the Freedom of Information Act ("FOIA") and Privacy Act staff of the Executive Office of United States Attorney's ("EOUSA"), United States Department of Justice ("DOJ"). My duties include the receipt of requests submitted under the FOIA, whenever the records are identified as likely to be located in the Southern District of Ohio.

    2.    The statements I make in this declaration are based on my review of the official files and records of the USAO-SDOH, my own personal knowledge, and on the basis of knowledge acquired by me through the performance of my official duties.

    3.    Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to FOIA/PA requests, including the requests made by Derrick Lipsey to the Department of Justice, EOUSA, in the years 2002 and 2004, which are the subject of this action.



GOVERNMENT EXHIBIT

E

4.      It is my understanding that in June 2002, Mr. Lipsey requested "all records referring to me that are maintained at the above agency, including (but not limited to) documents, reports, memoranda, letters, electronic files, database, references "DO NOT FILE" files, "O&C" files, "P&C" files, photographs, audiotapes and videotapes, electronic (ELSUR) or photographic surveillance, "JUNE" mail, mailcover, trash covers and other miscellaneous files; and any index citations relating to me or referencing me, (SEE also) in other files.  Please check all indexes and interpret this request very broadly."  Further, Mr. Lipsey requested "the names of individuals, agencies and/or any and all organizations who have received, requested or in any form obtained any of the information related to my file, name and title of person authorizing this transaction in this agency, and for what purposes any information was provided to any of the above, pursuant to Title 5 USC § 552."

5.      Mr. Lipsey's June 2002 FOIA/PA request was assigned Request No. 02-1901 by the EOUSA FOIA/PA and sent to the USAO/SDOH.

6.      Upon receipt from EOUSA of Mr. Lipsey's June 2002 FOIA request, I searched for documents responsive to plaintiff's request in the following ways:

a.      I searched for records pertaining to Derrick Lipsey by inserting the name Derrick Lipsey into the TALON (Tracking Assistance for the Legal Office Network) and LIONS (Legal Information Office Network System) computer databases.  The computer case tracking systems, TALON and LIONS, were used to determine all possible locations of responsive files.  The databases have fields for retrieval of information based on a defendant's name, USAO file jacket number, and district court case number.  The computer search determines all possible record locations in the Criminal and/or Civil Divisions.

-2-

b.    The LIONS computer database yielded a result that closed criminal records existed under the name of Derrick Lipsey and that the criminal case had been assigned to Assistant United States Attorney Gary L. Spartis.

c.    I personally spoke to Assistant United States Attorney Gary L. Spartis and his then secretary requesting the Derrick Lipsey files.

d.    Upon receipt of the records from Gary Spartis' secretary, I photocopied the requested records.

e.    I did not find audiotapes or videotapes in Mr. Lipsey's file responsive to his June 2002 request.

7.    Pursuant to EOUSA procedure, I completed the transmittal Form No. 010B, which is the USAO-SDOH form cover sheet and attached a number of responsive documents. The package was then forwarded to EOUSA. EOUSA made the decision as to which documents to release to Mr. Lipsey.

8.    The USAO-SDOH received a copy of a letter from EOUSA to Mr. Lipsey identifying the number of pages either released or withheld. However, the USAO-SDOH does not know the exact documents released.

9.    Pursuant to USAO-SDOH policy in effect in 2002, the USAO-SDOH did not retain a copy of the package of documents sent to EOUSA.

10.    Each step in the handling of Mr. Lipsey's June 2002 request was consistent with EOUSA and USAO-SDOH procedures.

11.    It is my understanding that on or about October 6, 2004, Mr. Lipsey requested "a copy of the District Court's Order denying my 1993 request to withdraw my guilty plea and a

-3-

copy of my grand jury material."

12.     Mr. Lipsey's October 2004 FOIA/PA request was assigned Request No. 05-247 by the EOUSA FOIA/PA and sent to the USAO/SDOH.

13.     Upon receipt from EOUSA of Mr. Lipsey's October 2004 FOIA request, I searched for documents responsive to plaintiff's request in the following ways:

a.     I searched for records pertaining to Derrick Lipsey by inserting the name Derrick Lipsey into the LIONS (Legal Information Office Network System) computer database.

b.     The LIONS computer database yielded a result that closed criminal records existed under the name of Derrick Lipsey and that the criminal case had been assigned to Assistant United States Attorney Gary L. Spartis.

c.     I sent an e-mail to Assistant United States Attorney Gary L. Spartis and his secretary requesting the Derrick Lipsey files.

d.     Upon receipt of the records from Gary Spartis' secretary, I photocopied the Opinion and Order, which Mr. Lipsey requested in Item (1) of this request.

e.     I searched  in Mr. Lipsey's files, and I could not locate any Grand Jury material pursuant to Item (2) of Mr. Lipsey's request.

f.     I included in the Comments Section of Form No. 010B that I was not forwarding the Grand Jury material.  I understand from later inquiries from EOUSA that EOUSA misunderstood this to mean that I was retaining Grand Jury material in our office.  In response to EOUSA inquiries, I informed EOUSA that I had searched Mr. Lipsey's files and had found no Grand Jury material.

14.     Pursuant to EOUSA procedure, I forwarded to EOUSA the response of the

-4-

USAO-SDOH, as well as an Opinion and Order consisting of 10 pages. The Opinion and Order
was filed on July 6, 1993 in the United States District Court for the Southern District of Ohio in
Case No. CR-2-92-119-7.

     15.    The USAO-SDOH received a copy of a letter from EOUSA to Mr. Lipsey
indicating that 10 pages were being released in full and that EOUSA was withholding Grand Jury
material. Although EOUSA made such a statement, it is clear that the USAO-SDOH search
never elicited any Grand Jury materials.

     16.    The TALON computer database yielded seven pages relating to Mr. Lipsey's
criminal payment history and those documents were forwarded to EOUSA.

     17.    Each step in the handling of Mr. Lipsey's October 2004 request was consistent
with EOUSA and USAO-SDOH procedures.

     I declare under penalty of perjury, that the foregoing is true to the best of my information
and belief.

Date: September 29, 2006

_Nancy Vincent_
Nancy Vincent

-5-



**DERRICK LIPSEYv. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| BOX/ DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 5 | Pretrial Services Report on pretrial detention for Derrick Lipsey containing information obtained from various third party sources on residence, family ties, employment history, financial resources, prior record, and chances of flight or danger | WIF<br><br>b3<br><br>b7C | Exemption (b)(3) of the Freedom of Information Act ("FOIA") is asserted to withhold this document. Exemption (b)(3) exempts information protected under other statutes.  Under 18 U.S.C.  3153, "Organization and administration of pretrial services", information obtained in the course of performing pretrial functions shall be used only for the purposes of bail determination and is otherwise strictly confidential.<br><br>Exemption (b)(7)(C ) is also asserted to withhold this document. Exemption (b)(7) of the FOIA  provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy. To the extent the information was provided by and concerns third parties, it is protected.<br><br>Since the entire document is exempt by statute there is no non-exempt information to segregate. |

**DERRICK LIPSEYv. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 2 | 2 | Criminal Prosecution form prepared by an Assistant United States Attorney ("AUSA") involved in the prosecution of Derrick Lipsey. In this document the AUSA discusses the case, who and what was involved, the nature of the alleged crime, and possible charges. | WIF<br><br>b5 | This document is withheld under exemption (b)(5) of the FOIA as attorney work product prepared in anticipation of litigation.  Exemption b(5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b)(5) further protects the strategic and tactical information contained in this document<br><br>Since this is attorney work product there in no non-exempt information to segregate. |
|---|---|---|---|---|
| 3 | 3 | Memorandum from the AUSA involved in the Derrick Lipsey case to another in the U.S. Attorney's Office which encloses the sentencing forms prepared by the AUSA for Derrick Lipsey and a third party involved; only the name and identifying information of the third party are withheld. | RIF 1<br><br>RIP 2<br><br>b7C | The name and identifying information of the third party is withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy".  The information on the third party individual is withheld because to disclose information associating this person with a criminal investigation is a clear invasion of  personal privacy   There are no public interests to weigh. Since only the  name and identifying information is redacted, any possible segregation has clearly been considered. |

**DERRICK LIPSEY v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 4 | 4 | Hand-written notes prepared in anticipation of litigation by an AUSA involved in the Derrick Lipsey case or under his direction; the notes concern information such as bond review, witnesses, and possible sentences. | WIF<br><br>b5<br><br>b7C | This document is withheld under exemption (b)(5) of the FOIA as attorney work product prepared in anticipation of litigation.  Exemption b(5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b)(5) further protects the strategic and tactical information contained in this document.<br><br>The names of the third parties are withheld under exemption (b)(7)(C )of the Freedom of Information Act ("FOIA") which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy".  The information on the third party individuals is withheld because to disclose information associating them with a criminal investigation is a clear invasion of their personal privacy<br><br>Since this is attorney work product there in no non-exempt information to segregate. |

**DERRICK LIPSEY v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| | | | | |
|---|---|---|---|---|
| 5 | 6 | Memorandum from AUSA involved in Derrick Lipsey case to two others in the U.S. Attorney's Office on the subject of a possible motion that the Government would file in the litigation; attached to the memorandum is a draft of the motion; the memorandum outlines the arguments for and against the filing of the motion and gives the AUSA's opinion. | WIF<br><br>b5 | This document is withheld under exemption (b)(5) of the FOIA as attorney work product prepared in anticipation of litigation.  Exemption b(5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b)(5) further protects the strategic and tactical information contained in this document.<br><br>Since this is attorney work product there in no non-exempt information to segregate. |

4

**DERRICK LIPSEY v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 6 | 2 | Letter from an AUSA involved in the Derrick Lipsey case to a U. S. Marshal; attached to the letter is a request for the transportation of a third party prisoner; the letter requests the separation from Derrick Lipsey of various third parties. | WIF<br><br>b7C | This information on third parties which includes prisoners and a Marshal, is withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on the third party prisoners is withheld because to disclose information associating individuals with a criminal investigation is an invasion of their personal privacy and could subject then to danger or harassment. The names of federal, state, and local law enforcement officials and personnel are routinely withheld which the courts have supported to protect them from harassment. There are no public interests to weigh. The third party information is so inextricably intertwined with other information that there is no way to meaningfully segregate non-exempt information. |

**DERRICK LIPSEYv. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 7 | 1 | Letter from an AUSA involved in the Derrick Lipsey case advising that the time of the trial had been reset; only the names of law enforcement officers are redacted | RIP<br><br><br>b7C | The names of the law enforcement personnel are withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The names of federal, state, and local law enforcement personnel are routinely withheld which the courts have supported to protect the personnel from harassment. There are no public interests to weigh. Since only names are redacted, any possible segregation has clearly been considered. |

6

DERRICK LIPSEYv. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS
C.A. No. 06-00423-RWR

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 8 | 2 | Facsimile from an AUSA involved in the Derrick Lipsey case to a third party; attached to the facsimile is a subpoena to a third party to appear in court with a detailed list of documents to bring; only the name and identifying information- which includes the list of documents- of the third party are withheld. | RIP<br><br>b7C | This document is withheld under exemption (b)(7)(C) of the FOIA to protect a third-party individual, a potential witness, from a clearly unwarranted invasion of privacy. There are no public interests to weigh. Release of the identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case, all to their detriment.  Since only name and identifying information are redacted, any possible segregation has clearly been considered. |
|---|---|---|---|---|
| | | | | |

7

**DERRICK LIPSEY v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| | | | | |
|---|---|---|---|---|
| 9 | 1 | Letter from an AUSA involved in the Derrick Lipsey case to a case manager at the Federal Bureau of Prisons requesting separation of various third party prisoners from Derrick Lipsey | WIF<br><br>b7C | This information on third parties which include prisoners and a prison case manager, are withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on the third party prisoners is withheld because to disclose information associating individuals with a criminal investigation is an invasion of their personal privacy and could subject then to danger or harassment. The names of federal, state, and local law enforcement officials and personnel are routinely withheld which the courts have supported to protect them  from harassment. There are no public interests to weigh. The third party information is so inextricably intertwined with other information that there is no way to meaningfully segregate non-exempt information. |

**DERRICK LIPSEYv. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 10 | 1 | Printed form concerning an arraignment with hand-written notes on it by an AUSA involved with the case of Derrick Lipsey; the document concerns among other things the possible charges and nature of the case | WIF b5 | This document is withheld under exemption (b)(5) of the FOIA as attorney work product prepared in anticipation of litigation.  Exemption b(5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b)(5) further protects the strategic and tactical information contained in this document.<br><br>Since this is attorney work product there in no non-exempt information to segregate. |
|----|----|----|----|----|
| 11 | 20 | Criminal Case History Report on the Derrick Lipsey case, a case which involved more than one defendant; the entire report is released except for the names of third parties involved. | RIP b7C | The names of the third parties are withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on the third party individuals is withheld because to disclose information associating them with a criminal investigation is a clear invasion of their personal privacy   There are no public interests to weigh. Since only names are redacted, any possible segregation has clearly been considered. |

**DERRICK LIPSEY v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| | | | | |
|---|---|---|---|---|
| 12 | 1 | File jacket for the case of Derrick Lipsey; the entire document is released except for the names of two of the law enforcement agents on the case. | RIP<br><br>b7C | The names of the law enforcement personnel are withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The names of federal, state, and local law enforcement personnel are routinely withheld which the courts have supported to protect the personnel from harassment. There are no public interests to weigh. Since only names are redacted, any possible segregation has clearly been considered. |
| 13 | 1 | Federal Express Airbill; the entire document is released except for the Federal Express account number of the U.S. Attorney's Office. | RIP<br><br>b2 | Exemption (b)(2) is asserted to withhold the Federal Express account number. Exemption (b)(2) provides for the withholding of information related solely to the internal personnel rules and practices of an agency and has been interpreted routinely to apply to such internal matters as account numbers. Since only the account number has been withheld, any possible segregation has clearly been considered. |

10

**DERRICK LIPSEY v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 14 | 1 | Letter from the attorney of Derrick Lipsey requesting certain documents for criminal discovery; this document is released except for the names of third parties. | RIP<br><br>b7C | The names of the third parties are withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on the third party individuals is withheld because to disclose information associating them with a criminal investigation is a clear invasion of their personal privacy   There are no public interests to weigh. Since only names are redacted, any possible segregation has clearly been considered. |
| --- | --- | --- | --- | --- |
| 15 | 2 | Transcript order in the case of Derrick Lipsey; the entire document is released except for the names of third parties. | RIP<br><br>b7C | The names of the third parties are withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on the third party individuals is withheld because to disclose information associating them with a criminal investigation is a clear invasion of their personal privacy   There are no public interests to weigh. Since only names are redacted, any possible segregation has clearly been considered. |

**DERRICK LIPSEYv. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 16 | 1 | Letter from defense attorney in the Derrick Lipsey case requesting certain documents for criminal discovery; this document is released except for information identifying and about third parties. | RIP<br><br>b7C | The information on the third parties are withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy".  The information on the third party individuals is withheld because to disclose information associating them with a criminal investigation is a clear invasion of their personal privacy   There are no public interests to weigh. Since limited information identifying and about the third parties is redacted, any possible segregation has clearly been considered |
|----|---|---|---|---|
| 17 | 1 | Letter from AUSA involved in the Derrick Lipsey case to several third party individuals; this document is released in its entirety except for the redaction of the  names of law enforcement  officers. | RIP<br><br>b7C | The names of the law enforcement personnel are withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The names of federal, state, and local law enforcement personnel are routinely withheld which the courts have supported to protect the personnel from harassment. There are no public interests to weigh. Since only names are redacted, any possible segregation has clearly been considered. |

**DERRICK LIPSEY v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

**Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)**
**Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full**
**Exemptions are from the Freedom of Information Act 5 U.S.C. 552**

| 18 | 1 | Letter from AUSA involved in the Derrick Lipsey case to several third party individuals; this document is released in its entirety except for the redaction of the names of law enforcement officers. | RIP<br><br>b7C | The names of the law enforcement personnel are withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The names of federal, state, and local law enforcement personnel are routinely withheld which the courts have supported to protect the personnel from harassment. There are no public interests to weigh. Since only names are redacted, any possible segregation has clearly been considered. |
|----|---|----|----|----|
| 19 | 1 | Letter from AUSA involved in the Derrick Lipsey case to several third party individuals; this document is released in its entirety except for the redaction of the names of law enforcement officers. | RIP<br><br>b7C | The names of the law enforcement personnel are withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The names of federal, state, and local law enforcement personnel are routinely withheld which the courts have supported to protect the personnel from harassment. There are no public interests to weigh. Since only names are redacted, any possible segregation has clearly been considered. |