# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

DERRICK LIPSEY,                  )
                                 )
          PLAINTIFF,             )
                                 )
     V.                          )     CIVIL ACTION NO. 06-423 (RWR)
                                 )
DEPARTMENT OF JUSTICE,           )
                                 )
          DEFENDANT.             )
_____        )

## ORDER

Defendant has filed a motion for summary judgment. Because defendant's motion could potentially dispose of this case, the Court will advise the **PRO SE** plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Rule 56 of the Federal Rules of Civil Procedure, which states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in

-2-

evidence, and shall show affirmatively that
the affiant is competent to testify to the
matters stated therein.  Sworn or certified
copies of all papers or parts thereof
referred to in an affidavit shall be attached
thereto or served therewith.  The court may
permit affidavits to be supplemented or
opposed by depositions, answers to
interrogatories, or further affidavits.  When
a motion for summary judgment is made and
supported as provided in this rule, an
adverse party may not rest upon the mere
allegations or denials of the adverse party's
pleading, but the adverse party's response,
by affidavits or as otherwise provided in
this rule, must set forth specific facts
showing that there is a genuine issue for
trial.  If the adverse party does not so
respond, summary judgment, if appropriate,
shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local

Civil Rule 7(h), which provides as follows:

Each motion for summary judgment shall be
accompanied by a statement of material facts
as to which the moving party contends there is
no genuine issue, which shall include
references to the parts of the record relied
on to support the statement.  An opposition to
such a motion shall be accompanied by a
separate concise statement of genuine issues
setting forth all material facts as to which
it is contended there exists a genuine issue
necessary to be litigated, which shall include
references to the parts of the record relied
on to support the statement . . . .  In
determining a motion for summary judgment, the
court may assume that facts identified by the
moving party in its statement of material
facts are admitted, unless such a fact is

-3-

> controverted in the statement of genuine
> issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendant in support of a motion for summary judgment unless the plaintiff submits his own affidavits or documentary evidence showing that the defendant's assertions are untrue. See Neal, 963 F.2d at 456.

Further, the plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within ... such ... time as the court may
> direct, an opposing party shall serve and file
> a memorandum of points and authorities in
> opposition to the motion. If such a
> memorandum is not filed within the prescribed
> time, the court may treat the motion as
> conceded.

Local Civil Rule 7(b).

Additionally, the plaintiff is directed to Rule 6(e) of the Federal Rules of Civil Procedure which provides:

> Whenever a party has the right to do some act
> or take some proceedings within a prescribed
> period after the service of a notice or other
> paper upon the party and the notice or paper
> is served upon the party by mail, 3 days
> shall be added to the prescribed period.

Fed. R. Civ. P. 6(e).

-4-

The Court may treat as conceded any motion not opposed within the time limits outlined above.  Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined above.  Thus, failure to respond to the defendant's motion in this case carries with it the risk that the case will be dismissed.  Accordingly, it is hereby

ORDERED that plaintiff shall file his response to defendant's motion for summary judgment [Docket #15] no later than November 6, 2006.  If plaintiff does not respond by that date, the Court may treat the motion as conceded and dismiss the case.

SIGNED this 6**TH** day of OCTOBER, 2006.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge