UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DERRICK LIPSEY,** | ) | |
| Plaintiff, | )<br>) | |
|  | ) | Civil Action No. 06-423 (RWR) |
| v. | )<br>) | |
| **DEPARTMENT OF JUSTICE,** | ) | |
| Defendant. | )<br>)<br>) | |

## ORDER

Plaintiff has filed a motion for appointment of counsel. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court may ask an attorney to represent him. 28 U.S.C. §1915(e)(1). In making such a determination, the Court takes into account:

(i) the nature and complexity of the action;
(ii) the potential merit of the *pro se* party's claims;
(iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and
(iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

Local Rule 83.11(b)(3).

Applying these factors, the Court finds that the appointment of counsel is not merited at this time. This an action under the Freedom of Information Act and is not one that involves complex issues of law. The potential merit of plaintiff's claims can be best assessed once the briefing on defendant's motion for summary judgment has been completed. Plaintiff has not alleged that he cannot retain counsel on his own. He is not entitled as of right to counsel in a

-1-

civil case, and there are not enough members of the Civil Pro Bono Panel to appoint counsel in each case. Accordingly, the interests of justice do not support the appointment of counsel, and it is

      **ORDERED** that Plaintiff's motion for appointment of counsel [18] is **DENIED without prejudice**.

                                                    _____/s/_____
                                               RICHARD W. ROBERTS
                                               United States District Court

DATE: October 18, 2006