UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK LIPSEY, )<br>)<br>   Plaintiff, )<br>)<br>V. )<br>)<br>DEPARTMENT OF JUSTICE, )<br>)<br>   Defendant. )<br>) | CIVIL ACTION NO. 06-423 (RWR) |

**PLAINTIFF'S MOTION IN OPPOSITION**
**FOR SUMMARY JUDGMENT FOR DEFENDANT**

COMES NOW, Plaintiff, proceeding **Pro se**, who respectfully moves this Honorable Court for "Liberal Construction" of his pleading herein in accordance with HAINES v. KERNER, 404 US 519 (972). Although Plaintiff's Action here is Civil liberal Construction is allowed. See also, Rules of Civil Procedure 8(f), ("All pleadings shall be construed so as to do substantial Justice").

Pursuant to Federal Rules of Civil Procedure 56(e) and local civil Rule 7(h), Plaintiff respectfully moves this Court to **deny** Defendant's request for Summary Judgment. In support of Plaintiff's request here, Plaintiff contends that exist several Genuine Issues of Material Fact that will effect the outcome of this suit and, therefore, to which requires further litigation. Plaintiff has attached a Memorandum of Points and Authorities setting forth Genuine Issues of Material Facts, and Relief Sought.

In addition, Plaintiff has attached a Counter-Declaration and other Exhibit's to support his request herein.

Respectfully submitted,

*Derrick Lipsey* 11/1/06
DERRICK LIPSEY, Pro se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK LIPSEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 06-423 (RWR) |

MOTION OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT's MOTION
FOR SUMMARY JUDGMENT.

In June of 2002, and October 2004, Plaintiff sought greater access to his criminal file record due to his discovery of fraudulent and curruptive activity before the Federal Court in his case involving several Officers of the Court icluding his previous guilty plea counsel, Attorney Tim Huey, and the U.S. Attorney's Office for the Southern District of Ohio. Specifically, Plaintiff sought additional information that would further support previous documents he received detailing the secret deals and cummunication between Plaintiff's guilty plea counsel and a U.S. Attorney in the Southern District of Ohio which lead to the U.S. Attorney's Office knwoingly allowing or placing this Attorney on the witness stand for the sole purpose of "Deceiving" the Federal Court and obtaining a favorable ruling. (See Plaintiff's Sworn Declaration attached as Exhibit A).

1.

In this suit Plaintiff has alleged that Defendant here improperly redacted or withheld information to which he is legally entitled to, and in other respects, Defendant has completely failed to produce certain information/records that fall within the class of information and records requested by Plaintiff.

In response to Plaintiff's suit here the Defendant has moved for Summary Judgment and has supported its request with a **Vaughn Index**, and with two (2) Declaration. See Exhibit F and Kornmeier's Declaration. Based on its Memorandum and supporting documents, the Defedant contends that no genuine issues of material fact existand, therefore, Summary Judgment should be granted in their favor.

It is Plaintiff's position, however, that based on his counter-affidavit, his supporting doumnets and the record as a whole, there in fact exist genuine issues of material fact that require further litigation. Thus, Plaintiif asks this Court to deny Defendant's request for Summary Judgment and GRANT Plaintiff the Relief he seeks herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background are fully contained in the statement of facts to which there exist a genuine issue, and attached hereto and incorporated herein.

## II. ARGUMENT

**A.   FOIA BACKGROUND**

Congress enacted FOIA "to open up the workings of government to public scrutiny through the diclosure of government records."

<u>Stern v. FBI</u>, 737 F.2d 84, 88 (D.C. Cir. 1984). FOIA was intended to "ensure an informed citizenry, vital to the functioning of a democratic society." In doin so, however, Congress aclnowledged that "legitimate governmental and private interest could be harmed by release of certain types of information." <u>Critical Mass Energy Project v. Nuclear Regulatory Comm'n</u>, 975 F.2d 871, 872 (D.C. Cir. 1992), In order to balance these competing interest, FOIA containes nine exemptions under which an agency maywithhold information. 5 U.S.C. § 552(a)(4)(B) & (b)(1)-(9). Because FOIA creates a policy favoring disclosure, however, the Act's exemption are to be narrowly construed. <u>Dept. of Air Force v. Rose</u>, 425 U.S. 352, 361 (1976).

Here, Plaintiffasserts that Summary Judgment should not be granted for Defendant because the evidence before this Court shows that no reasonable, proper or adequate search was conducted by Defendant, that information that falls within the class of information requested by Plaintiff was not produced and in other instances, wasimproperly redacted or withheld. Further, based on the evidence, it is clear that Defendant has failed to produce in its entirity grand jury material that Plaintiff stated in his Declarartion existed, and that Defendant knew (or existed (or know now to exist) and to which by law should be in the possession of Defendant.

<u>GENUINE ISSUES OF MATERIAL FACTS</u>

<u>1.</u>  Defendant failed to search its records orto properly or adequatelt search its records as it related to Plaintiff's

3.

October, 2004 request for grand jury material.

In an effort to unearth further evidence of fraudulent conduct by several Officers of the Court Plaintiff requested from Defendant a copy of the district court's Order and Opinion denying Plaintiff Motion to Withdraw his Guilty Plea and a copy of Grand Jury material (recording, witness staements, etc.). Defendant responded by releasing in full 10 pages of the requested court Order, and initially claiming exemption (b)(3) andRule 6(e) of the Federal Rules of Crimnal Procedure to withhold the requested Grand Jury material. (See Def. Ex. E). Then in response to this suit Defendant changed its position concerning the exemption of the requested Grand Jury material and claim that its stated exemption was error and that such material could not be located in its records. (See Kornmeier's Decl. at page 3, Defedants Memo. at page 8 and n. 5, and the Decl. of Nancy Vincent at pages 4-5.).

Plaintiff contends here that there exist a Genuine issue of material fact as to (a) whether Defendant has done a proper and adequate search pertaining to the grand jury material, or, (b) whether Defendant has done any search "at all" of it records as it relates to the requested grand jury material. Unlike the usual question raised in FOIA litigation, i.e., whether the information withheld properly falls within the

4.

scope of the exemptions, the issue here is whether the information requested existed at all or currenlty exist, and, if so, whether Defendant has acted arbitraily or improperly by completely failing to produce what Defendant knows to exist and is in its possession.

Plaintiff asserts that the requested Grand Jury material did (or does) in fact exist.

First, in his Affidavit attached heretom Plaintiff states "that during his sentencing proceedings in the Southern District of Ohio, he and his sentencing counsel, attorney Dennis kaps, were given, what they were told by the U.S. Attorney, was the statement of a testifying witness, Fornando Solar, who made the statement before the Grand Jury. That this document contained about ten pages, and that before he and his counsel could review them the U.S. Attorney immediately had requested them back." Lastly, Plaintiff stated that based on this brief exchange and the fact that he is serving a 30 year sentence based on the supposed Indictment returned by the Grand Jury in his case that the requested Grand Jury material does in fact exist. (See Plaintiff's Aff.). Thus, not only does Plaintiff take the position the requested material exist, but he also asserts that Defendant is fuuly aware of the existence of this material and that according to Federal Rules of Criminal Procedure and other Federal laws, such material is in Defendant's possession. Finally, Plaintiff takes the position here that Defendant claims of being unable to "locate" this information is either false, misleading or simply an inaccurate statement of facts.

Thus, based upon the facts and the evidence presented Defendant knew (or knows) that such material exist, that this material in in Defendants possession (or should be by law) and that such was to be produced in response to Plaintiff's FOIA request. Defendant's claims of unable to located material cannot be taken as true and must be viewed as patently unbelievable. Clearly, a Genuine issue of material fact exist that requires further litigation of this matter.

**RELIEF SOUGHT**

Plaintiff requests this Court to do one or more of the following. (1) Allow Plaintiff to conduct Discovery, compel Defendant to further clarify its statement that "it could not locatethis material", or, given Plaintiff's **Pro se** status, Grant Plaintiff any Relief this Court deems appropriate.

-----------------------------------------------------------------

**B   DEFENDANT'S VAUGHN INDEX IS INADEQUATE**

In an FOIA case, an agency responding to a request "must attempt to redact or exempt information and produce any relevant non-exempt information" 552(b).

Plaintiff asserts that Dfendant's Vaughv Index concerning documents 2, 3, 4, 5, 8, 13, and 15 is inadequate. Further, Plaintiff asserts that the documents/information being either withheld in part or in full contains information that should be released to Plaintiff. Such documents contain further information highlighting the secret communications between Plaintiff's previous counsel and the U.S. Attorney's office that resulted in a Fraud being perpetuated on the Federal Court.

6.

**RELIEF SOUGHT**

Plaintiff requests this Court to allow for Discovery of this matter, have in camera review of these documents or any other Relief the Court deems appropriate respecting Plaintiff's **Pro se** status.

------------------------------------------------------------

**C.  EXEMPTION OF DOCUMENT 5 OF DEFENDANT'S VAUGHN INDEX**

The attorney work-product exemption protects disclosure of materials prepared by attorneys, ... in comtemplatation of litigation, that reveal information about an attorney's preparation and strategy relating to a client's case. See <u>Coastal States Gas Corp. v. Dep't of Energy</u>, 617 F2d. 854, 866 (D.C. Cir. 1980).

Here, Plaintiff asserts that Document 5 is not a document "prepared with litigation in mind". Further, Defendant has neglected to supply Plaintiff and this Court with sufficient facts in either its Index or its submitted Declarartions to permit a conclusion that the fact specific claims had risen and were likely to be pursued to the point of litigation by the agency.

Thus, given the lack of ant specific claim supported by concrete facts which would lead to litigation in mind Defendant cannot invoke this previlege.

**RELIEF SOUGHT**

Plaintiff asks this Court to allow Discovery for this matter or any other Relief it deems necessary respecting Plaintiff's **Pro se** status.

------------------------------------------------------------

7.

**D.** **EXEMPTIONS (b)(2),(b)(3),(b)(5) & (b)(7)(C) AND DEFENDANTS SEGREGABILITY**

Here, Plaintiff contends that Defendants Exemptions and Segregability of the above information and documents is simply inadequate given Defendants admission in its responsive pleadings that an error had been committed in its search of its files. Further, given Plaintiff's statemnts that there has been and there likely continues to be fraudulent conduct being perpetuated upon the Federal Court Defendants Exemptions and Segregability is inadequate.

**RELIEF SOUGHT**

Plaintiff asks this Court to allow Discovery of this information, have in camera inspection of said information or any other Relief this Court deems appropriate.

------------------------------------------------------------

### III. CONCLUSION

The evidence presented here demonstrates that Defendant has not properly or adequately searched its files and therefore, there exist disputes of material facts of a genuine nature. Accordingly, Plaintiff respectfully moves this Court to allow for further litigation in this matter.

Respectfully sumitted,

DERRICK LIPSEY, Pro se

8.

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this document with attachments has been mailed first-class mail to the U.S. Attorney's Office for the District of Columbia at 555 Fourth ST., N.W., Washington, D.C. 20001, and the same placed in the institutional mailbox at the Federal Medical Center in Lexington, Kentucky, on this 3rd day of November, 2006.


Respectfully submitted,

*Derrick Lipsey*
DERRICK LIPSEY, Pro se
Reg. No. 99099-012    11/3/06
P.O. BOX 14500
Lexington, KY 40512