UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

NOV 0 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DERRICK LIPSEY,            )
                           )
        Plaintiff,         )
                           )
V.                         )   CIVIL ACTION NO. 06-423 (RWR)
                           )
DEPARTMENT OF JUSTICE,     )
                           )
        Defendant.         )
                           )
_____)

## COUNRT AFFIDAVIT/DECLARATION OF PLAINTIFF

I, Derrick Lipsey, am the Plaintiff in this Civil Action. The following is true and correct to the best of my first-hand knowledge.

1.  I initiated this Action in an effort to locate additional information/documentation concerning what I deemed fraudulent and curruptive behavior on the part of my previous attorney, Tim Huey, and the U.S. Attorney's Office in the Southern District of Ohio, in conduct before the Federal Court throughout my Rule 11 Guilty Plea Hearing in October of 1993, and my Hearing to Withdraw my Guilty plea and Sentencing held in June of 1993. Through a previous discovery, I had come across two letters exchanged between a U.S. Attorney and my former counsel wherein they discuss "an Oral and secret plea deal" that was purposely kept from the Court throughout my proceeding, and to which was asked to be disclosed by the Court but was not. (See Exhibit B attached, the two aforementioned Letters). It was only after the U.S. Attorney's Office had purposely placed this attorney before the Federal Court to deny the existence of the material in these letters did I become aware of the letters. Based on the content of these letters and the central issue at the Rule 11 hearing in October of 1993, and the primary point of concern at the June of 1993 Withdraw of plea hearing I have taken the position that a "Fraud had been committed upon the Court" throughout my proceedings. This Civil Action followed to locate additional evidence.

2.  In reference to the Grand Jury material that I requested, during my sentencing in June of 1993, I and my attorney, Dennis Kaps, were given what we were told were the grand jury transcripts of a testifying witness before the grand jury whose name was Fornando Solar. This document contained about 10 pages. However, before I or my attorney could read them the U.S. Attorney took them back. I and my attorney did not have possession of this document for any longer period then one to two minutes before it was

immediately taken back from us. Thus, based on this brief exchange and the fact that I was supposedly Indicted by a legal Grand Jury and that I am currently incarcerated on this Indictment and serving a 30 year sentence I take the position that the requested grand jury material did and/or does exist. Given that Defendant is the sole prosecution of my criminal case they are in possession of this material. Finally, I further believe that Defendants position of being unable to "locate" this material is either false, misleading or simply an inaccurate statement of the facts.

3. Further, Defendant has not done an adequate search of its records in this matter. I have reviewed the agencies March, 28, 2005, exemption, Exhibit E in Defendant's documents, and it initially stated that Defendant had done an adequate search. However, after the initation of this Civil Action Defendant seems to have done what it was initially suppose to do prior to making its March 28, 2005, response, i.e., search Plaintiff's files/records for the requested information. Defendant's Declarartion's and pleadings shows that Defedant did not do the required search because it took (it interpreted) Declarant Nancy Vincent's statements as if the Southern District of Ohio was not releasing the requested grand jury material. Based on Nancy Vicent's statements the EUSAO (Defendant) claimed that the material was being exempt under (b)(3) and 6(e) of Rules of Criminal Procedure. In essence, Defendant heremade an exemption without itself reviewing Plaintiff's files/records.

   In sum, additional information is unfairly and arbitrarily being withheld by Defendant. Information that under the FOIA should have and should be released. Defendant's stated exemptions are not specific, too broad and contains little basis for the exemption. Thus, Defedant's Vaughn Index, Declarations and Memorandum is inadequate and insufficient.


   I declare under the penalty of perjury, that the forgoing is true and correct to the best of my knowledge and belief. This Declarartion is made pursuant to Title 28 U.S.C. § 1746.


*Derrick Lipsey* DATED: 11/1/06
DERRICK LIPSEY

*D. Timothy Huey*
*Attorney at Law*
*165 East Livingston Avenue*
*Columbus, Ohio 43215*
*(614) 221-8668*

October 26, 1992

Michael Burns
Assistant United States Attorney
Two Nationwide Plaza
Fourth Floor
Columbus, Ohio 43215

Re: <u>UNITED STATES OF AMERICA VS. DERRICK LIPSEY</u>
    Case No.

Dear Mike:

This letter is to confirm the understanding you and I reached during our eleventh hour plea negotiations in the above case. The issue being the agreement to cooperate and receive 5k1.1 treatment. It has been and was my position that my client was unwilling to provide information (not assuming that he knows of any) relating to his relatives nor did he have any overwhelming inclination to testify.

The agreement between you and I was that he could fulfill his obligation to cooperate and provide substantial assistance by going through a complete debriefing on all matters except those set forth above. In exchange for doing so a Motion For Downward Departure under 18 U.S.C. § 3553(e) and/or §5k1.1 will be filed and the Court will be informed in general terms the nature and extent of his assistance in this regard. No attempt will be made by the Government to punish Mr. Lipsey for any failure to testify or provide information against family members. Of course, as in all such matters it is the Courts province to decide what if any departure is appropriate.

I will advise Mr. Lipsey that should he have information in regard to which you believe his testimony would be beneficial, he could elect to testify and the nature and extent of assistance derived from such testimony will be made known to the Court.

Very truly yours,

D. Timothy Huey

DTH/cs
cc: file

RIF

United States Attorney
Southern District of Ohio

Two Nationwide Plaza
280 N. High Street, 4th Floor
Columbus, Ohio 43215

614/469-5715

December 26, 1992

D. Timothy Huey, Esquire
165 East Livingston Avenue
Columbus, Ohio  43215

RE: U.S. v. Derrick Lipsey, Case No. CR-2092-119

Dear Mr. Huey:

I have received and reviewed your correspondence concerning the above captioned case.

There appears to be some misunderstanding of what Mr. Lipsey's obligations are if he is to have a chance to receive a 5K1.1 motion. First of all, any such motion would be predicated upon a complete, truthful disclosure of any and all narcotics related activities which Mr. Lipsey was involved in. I believe it was conveyed to you that we were not likely to use Mr. Lipsey as a witness against family members if their involvement was limited to money laundering type activities. This does not mean that he may pick and choose which information he discloses. The only way we can evaluate the quality of the information he provides is if he discloses everything.

If Mr. Lipsey is unwilling to testify, assuming he is completely truthful, this would obviously diminish the value of his information to us. Consequently we would be hard pressed to justify any request for a downward departure. However, we would not rule such a request out. There is no guarantee of a 5K1.1 motion simply because Mr. Lipsey decides he will speak to us.

Please let us know if Mr. Lipsey is willing to be debriefed.

Sicnerely,

D. MICHAEL CRITES
UNITED STATES ATTORNEY

MICHAEL J. BURNS
Assistant United States Attorney

MJB/hs