UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK LIPSEY,** )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>**DEPARTMENT OF JUSTICE,** )<br>**EXECUTIVE OFFICE FOR** )<br>**U.S. ATTORNEYS** )<br> )<br>   Defendant. )<br> ) | Civ. Act. No. 06-0423(RWR) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
### TO MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION**

The Executive Office for United States Attorneys (EOUSA) is entitled to summary judgment in this Freedom Of Information Act (FOIA), 5 U.S.C. § 552, litigation for the reasons stated in its Motion for Summary Judgment filed on or about September 29, 2006. Defendant takes this opportunity to reply briefly to the main points raised in Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Opposition). Defendant has made a supplemental search and has located the requested Grand Jury materials in the Secured Evidence Room of the U.S. Attorney's Office for the Southern District of Ohio. See Supplemental Declaration of Nancy Vincent (Vincent Suppl., Decl.)[1]

**ARGUMENT**

The Grand Jury materials are specifically exempted by statute.

Title 5 U.S.C. § 552(b)(3) allows for the deletion of information "specifically exempted

---

[1] Grand Jury materials are normally kept with the criminal case file. However, in this case a supplemental search revealed that the materials were in the Secured Evidence room. Id.

from disclosure by statute (other than section 552(b) of this title), provided that such statute: (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." *Id.*[2] Rule 6(e) of the Federal Rules of Criminal Procedure explicitly bars disclosure of a "matter occurring before the grand jury," and serves to preserve the secrecy of the grand jury proceedings.[3] It has long been recognized that FED. R. CRIM. P. 6(e) qualifies as a FOIA Exemption (b)(3) statute. *See*, *e.g.*, *Church of Scientology International v. U.S. Dep't of Justice*, 30 F.3d 224, 235 (1st Cir. 1994); *Fund for Constitutional Government v. National Archives and Records Service*, 656 F.2d 856, 867-68 (D.C.Cir. 1981) (the argument that the Federal Rules of Criminal Procedure are not "statutes" for FOIA Exemption (b)(3) purposes was soundly rejected with respect to Rule 6(e).)

Rule 6(e) is precise in its description of the circumstances under which grand jury information may be disclosed, none of which are applicable here. *See* FED. R. CRIM. P. 6(e)(3). First, disclosure may be made to a government attorney "for use in performing that attorney's duty," FED. R. CRIM. P. 6(e)(3)(A)(i). Second, limited disclosure may be made to "government personnel" deemed necessary by a federal government attorney to assist federal government

---

[2] "Exemption 3 differs from other FOIA exemptions in that its applicability depends less on the detailed factual contents of specific documents; [rather] the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within that statute's coverage." *Goland v. CIA*, 607 F.2d 339, 350 (D.C. Cir. 1978).

[3] In relevant part, Rule 6(e)(2) provides: "Secrecy. Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: (i) a grand juror; (ii) an interpreter; (iii) court reporter; (iv) an operator of a recording device; (v) a person who transcribes recorded testimony; (vi) an attorney for the government; or (vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii)."

counsel in "performing that attorney's duty to enforce federal criminal law." FED. R. CRIM. P. 6(e)(3)(A)(ii). Third, disclosure may be made to enforce the Financial Institutions Reform, Recovery and Enforcement Act of 1989 or in civil forfeiture proceedings under federal law. FED. R. CRIM. P. 6(e)(3)(A)(iii). Other exceptions permit disclosure only by court order. *See* FED. R. CRIM. P. 6(e)(3)(E)(i)-(v). Thus, Rule 6(e) establishes particular criteria as to the withholding of information. None of the criteria are applicable in this case. Accordingly, because none of the Rule 6(e) exceptions apply, the rule's "ban on disclosure is for FOIA purposes absolute and falls within subpart (A) of Exemption 3." *Fund for Constitutional Government*, 656 F.2d at 868.

The sole issue for decision is whether the withheld material logically falls within the scope and coverage of Rule 6(e). In order to effectuate Rule 6(e)'s objectives, "the scope of the secrecy is necessarily broad. It encompasses not only the direct revelation of grand jury transcripts but also the disclosure of information which would reveal 'the identities of witnesses or jurors, the substance of the testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like.'" *Fund for Constitutional Government*, 656 F.2d at 869 (quoting *SEC v. Dresser Industries Inc.*, 628 F.2d 1368, 1382 (D.C.Cir. 1980)).

The supplemental *Vaughn* index describes the records that have been withheld pursuant to Rule 6(e), and lists them in item number 20. See supplemental *Vaughn* index attached as Exhibit B, to the supplemental declaration of John Kornmeier. These records include the following: (1) grand jury transcripts revealing the names of witnesses as well as the subject and the direction of the grand jury investigation; (2) subpoenas, which reveal the names of those who were summoned to testify and indicate the nature and the direction of the proceedings; (3)

correspondence to people to whom grand jury material will be disclosed in order to aid the investigation, these letters reveal the people and the law enforcement offices involved and warn of the duty to protect grand jury secrecy, disclosure of this information would indicate the nature and scope of the proceedings; (4) a pleading, which was an *in camera* notice concerning those to whom grand jury material will be disclosed in order to aid the investigation, disclosure would indicate the nature and scope of the proceedings; and (5) logs pertaining to subpoenas issued, which would include the dates issued, names and addresses of those subpoenaed, what records were requested, and the dates records were received, these logs would disclose the names and addresses of witnesses and indicate the scope and direction of the investigation of the Grand Jury. See Exhibit B. This type of information has been held to be governed by Rule 6(e) and thus excluded from release under FOIA by Exemption (b)(3). *Douglas Oil Co. of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 221-224 (1979); *United States v. Procter and Gamble Co.*, 356 U.S. 677, 681-82 (1958); *Lopez v. Dep't of Justice*, 393 F.3d 345, 364 (D.C. Cir. 2005); *In re Sealed Case*, 192 F.3d 995, 1004 (D.C. Cir. 1999); *Senate of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574 (D.C. Cir. 1987); *Fund for Constitutional Government v. National Archives and Records Serv.*, 656 F.2d 856, 869 (D.C. Cir. 1981); *United States v. Eastern Airlines*, 923 F.2d 241 (2d Cir. 1980); *In re Disclosure of Grand Jury Matters (Miller Brewing Co.*, 518 F. Supp. 163, 166 (D. Wis.), *modified on other grounds*, 687 F.2d 1079 (7th Cir. 1981)); *Lance v. Dep't of Justice*, 610 F.2d 202 (N.D. Ga. 1980).

In addition, Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case

was compiled for law enforcement purposes in order to prosecute Mr. Lipsey for violations of criminal statutes.  Supplemental Declaration of John Kornmeier (Kornmeier Supp. Decl.) ¶ 7.  In the instant case, Exemption (b)(7)(C) was applied to withhold the identities of and personal information about third party individuals appearing in the grand jury records, the release of which could subject such persons to an unwarranted invasion of their personal privacy.  Kornmeier Supp. Decl. ¶ 8.  Exemption (b)(7)(C) would apply to withhold the identities of the witnesses who appeared before the Grand Jury as well as the identities of individuals such as special federal agents, government employees, and local law enforcement personnel who participated in the investigation and prosecution of Mr. Lipsey's case.  Id., at ¶ 9.  There is no public interest in the release of this information because dissemination of the information would not help explain the activities and operations of the EOUSA.  No public interest would counterbalance the individual's privacy right in the information withheld under this exemption.  Additionally, Mr. Lipsey provided no authorizations or consents to release otherwise personal privacy protected materials from any third party individual.  Id., at ¶ 10.  As a result, the Grand Jury materials were properly withheld and summary judgment should be granted on this issue.

The Grand Jury materials were evaluated for segregability and EOUSA determined that no meaningful portions could reasonably be released without destroying the integrity of the document as a whole.  As a consequence these materials were withheld in their entirety.  Id., at ¶ 13.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's motion for summary judgment regarding Plaintiff's request for records from EOUSA.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C.  20530
(202) 305-1334

Attorneys for Defendant

### **CERTIFICATE OF SERVICE**

I certify that the foregoing Reply was served upon Plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

DERRICK LIPSEY
R 9909-12
FEDERAL MEDICAL CENTER
CARD UNIT
P.O. Box 14500
Lexington, KY 40512

on this 22nd day of December, 2006.

_____
Heather Graham-Oliver