IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRICK LIPSEY,           )
          Plaintiff,   )
                          )
V.                        )   Case No. 06-CV-00423-(RWR)
                          )
DEPARTMENT OF JUSTICE     )
EXECUTIVE OFFICE FOR UNITED )
STATES ATTORNEYS,         )
          Defendant.   )

## SUPPLEMENTAL DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1) I am an attorney advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this office and 94 United States Attorney's offices ("USAO's") and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of

1

responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et. seq. and §16.40 et. seq.).

2) As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release and/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts. The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3) Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Derrick Lipsey (hereinafter referred to as "Mr. Lipsey ").

SUBSEQUENT SEARCH

4) Upon receipt of Mr. Lipsey's opposition to its motion for summary judgement raising questions about grand jury information, EOUSA asked the USAO for the Southern District of Ohio ("OHS") to perform a subsequent search for records. Nancy Vincent, the FOIA coordinator of the USAO/OHS, performed the search. Attached as Exhibit A is a copy of her separate declaration in which she states how she conducted the search and found grand jury records. EOUSA is withholding the grand jury records in full.

## PRIVACY ACT EXEMPTION

5) EOUSA processes all requests by individuals for records pertaining to themselves under both the Freedom of Information and the Privacy Acts in order to provide the requester the maximum disclosure authorized by law. The Criminal Case Files maintained by various U.S. Attorney Offices are within the regulations pertaining to the Department of Justice Privacy Act Systems of Records at 28 C.F.R. §16.81 (a)(4). Pursuant to 28 C.F.R. §16.81, the Attorney General has exempted Criminal Case Files from the Privacy Act's access provisions because they are records of an agency which performs as its principal function activity pertaining to the enforcement of criminal laws. The Privacy Act, 5 U.S.C. § 552a(j)(2), exempts from mandatory disclosure records maintained by an agency or component thereof, which performs as its principal function any activity pertaining to the enforcement of criminal laws. Here, because the Mr. Lipsey's records were part of the criminal case files of the USAO/OHS, and were, therefore, compiled for law enforcement purposes, it was determined that the records withheld, which were responsive to Mr. Lipsey's request, were not disclosable under the Privacy Act.

## FREEDOM OF INFORMATION ACT EXEMPTIONS

EOUSA asserts the following additional exemptions in its Vaughn Index for Document 20, a new entry, which encompasses the grand jury records found as a result of FOIA coordinator Nancy Vincent's search in response to Mr. Lipsey's opposition.

Attached and made a part hereof as Exhibit B is the Vaughn Index entry for Document 20.

## EXEMPTION 5 U.S.C. Section 552 (b)(3)

6) Exemption (b)(3) exempts from mandatory release information specifically exempted from disclosure by another statute. This exemption permits the withholding of information of information prohibited from disclosure by another statute if that statute either (A) requires that the matters be withheld from the public without discretion, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. 5 U.S.C. section 552(b)(3).

Rule 6(e) of the Federal Rules of Criminal Procedure regulates the disclosure of matters occurring before a grand jury. In order for a Federal Rule of Procedure to qualify as "a statute" it must have been affirmatively enacted into law by Congress. Rule 6(e) has been held to meet this "statute" requirement since it was affirmatively enacted by Congress in 1977. Rule 6(e) embodies a broad, sweeping policy of preserving the secrecy of grand jury material regardless of the substance in which the material is contained. Such material encompasses not only the direct revelation of grand jury transcripts, but also the disclosure of information that would reveal the identities of witnesses or jurors, the substance of the testimony given before the grand jury, the strategy or direction of the investigation, the deliberations or questions of the grand jurors, and any other matter, the disclosure of which would suggest a specific act, thought, or focus of the grand jury's

deliberations.

EOUSA applied Exemption (b)(3) in conjunction with Rule 6(e) of the Federal Rule of Criminal Procedure to Document 20 in the Index attached hereto, because release of the grand jury records would reveal the scope of the grand jury and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual evidence produced before the grand jury. Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the Government sought to find evidence to develop its case, how the Government developed its case, and whom the Government relied upon to develop the elements of the alleged crimes.

## EXEMPTION 5 U.S.C. Section 552(b)(7)(C)

7) Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to prosecute Mr. Lipsey for violations of criminal statutes.

8) Exemption (b)(7)(C) was applied to withhold the identities of and personal information about third party individuals appearing in the grand jury records, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted and even unlawful efforts

to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case, all to their detriment.

9) This exemption also applies to withhold identities of individuals such as special federal agents, government employees, and local law enforcement personnel who participated in the investigation and prosecution of this case. Individual duties and assignments are not public and such publicity as would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting such individuals to harassment or harm. These persons have protected privacy interests in the conduct of law enforcement investigations.

10) The EOUSA determined that there was no public interest in the release of this information because dissemination of the information would not help explain the activities and operations of the EOUSA. No public interest would counterbalance the individual's(s') privacy right in the information withheld under this exemption. Indeed, Mr. Lipsey provided this office with no authorizations or consents to release otherwise personal privacy protected materials from any third party individual.

11) The EOUSA asserts exemption (b)(7)(C) to withhold the names of persons and personal information, falling within these categories, in documents more fully detailed in the Vaughn Index entry for Document 20, Exhibit B.

## HANDLING AND SEGREGABILITY

12) Each step in the handling of Mr. Lipsey's request has been entirely consistent with the EOUSA and the United States Attorney's office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

13) The Vaughn Index entry for Document 20 attached to this declaration describes with particularity the grand jury records. These records were evaluated for segregability initially, and again during the preparation of the Index. These materials were withheld in their entirety. EOUSA determined that no meaningful portions could reasonably be released without destroying the integrity of the materials as a whole.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 22 2006.

_____
John Kornmeier

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRICK LIPSEY,

    Plaintiff,

v.                                   CASE NO. 1:06CV00423

DEPARTMENT OF JUSTICE,          JUDGE RICHARD W. ROBERTS

    Defendant.

## SUPPLEMENTAL DECLARATION OF NANCY VINCENT

    I, Nancy Vincent am supplementing my previous Declaration of September 29, 2006 and declare the following to be a true and correct statement of facts:

    1.    On December 1, 2006, I received an e-mail from John Kornmeier of EOUSA asking for a supplemental declaration addressing the Grand Jury search question for Grand Jury materials pertaining to Derrick Lipsey.

    2.    Upon receipt of this e-mail, I spoke to AUSA Gary L. Spartis, one of the attorneys who had prosecuted Mr. Lipsey.

    3.    AUSA Gary L. Spartis searched the Secured Evidence Room of the U.S. Attorney's Office and found Grand Jury material pertaining to Derrick Lipsey in a box containing trial preparation and witness statements.

    4.    Mr. Spartis brought the Grand Jury material to me and I immediately e-mailed Mr. Kornmeier that Grand Jury material pertaining to Derrick Lipsey had been found in another location of our office and not in Mr. Lipsey's criminal case file.



GOVERNMENT
EXHIBIT
A

5.  The Grand Jury materials are normally kept with the file, but in this case were in the Secured Evidence Room.

I declare under penalty of perjury, that the foregoing is true to the best of my information and belief.

Date: December 22, 2006

*Nancy Vincent*
_____
Nancy Vincent
Paralegal Specialist

DERRICK LIPSEY v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS
C.A. No. 06-00423-RWR

# VAUGHN INDEX

Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)
Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full
Exemptions are from the Freedom of Information Act 5 U.S.C. 552

| 20 | 640 pgs. | Grand Jury records consisting of the following:<br><br>Grand Jury transcripts: 444 pages<br>Grand Jury subpoenas: 165 pages<br>Grand Jury corresp.: 11 pages<br>Grand Jury pleading: 3 pages<br>Grand Jury logs: 17 pages | WIF<br><br>b3<br><br>b7C<br><br>FRCrP 6(e) | FRCrP 6(e), which qualifies as a statute under exemption( b)(3) because it was specifically amended by Congress, protects the secrecy of grand jury proceedings. It protects all records which would show the content, scope, or direction of the grand jury proceedings. These records show the content, direction or scope of the Grand Jury proceedings as follows:<br><br>transcripts: they show the nature of the testimony and name of the witnesses;<br><br>subpoenas: these show those who were summoned to testify which would indicate the nature and scope of the proceedings;<br><br>correspondence: these are letters to people to whom grand jury material will be disclosed in order to aid the investigation; the letters warn of the duty to protect grand jury secrecy; disclosure of the people and their offices involved in the investigation would indicate the nature and scope of the proceedings; some involved are law enforcement officers;<br><br>pleading: this is an *in camera* notice concerning those to whom grand jury material will be disclosed in order to aid the investigation; disclosure would indicate the nature and scope of the proceedings; |



**DERRICK LIPSEY v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**
**C.A. No. 06-00423-RWR**

# VAUGHN INDEX

Request No. 02-1901 and 05-247 for Full Disclosure and Release of all Records on Derrick Lipsey(Self)
Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full
Exemptions are from the Freedom of Information Act 5 U.S.C. 552

| 20 | 640 pgs. | Doc. 20 continued | | logs: these are records of subpoenas, including dates issued, names and addresses of those subpoenaed, what records were requested, and the dates records received; these records would by disclosing the names and address of the witnesses and records sought indicate the scope and direction of the investigation of the Grand Jury.<br><br>The information on the third parties is withheld as well under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy".  The information on the third party individuals is withheld because to disclose information associating them with a criminal investigation is a clear invasion of their personal privacy   There are no public interests to weigh.<br><br>Since all of the material is explicitly grand jury information as opposed to extrinsic evidence gathered by the grand jury which may have an independent existence, there is no meaningful non-exempt information to segregate. |

15