UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DERRICK LIPSEY,                     )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )   Civil Action No. 06-423  (RBW)
                                    )
UNITED STATES DEPARTMENT OF         )
JUSTICE EXECUTIVE OFFICE FOR        )
UNITED STATES ATTORNEYS,            )
                                    )
    Defendant.                      )
_____ )

<u>MEMORANDUM OPINION</u>

    Derrick Lipsey, proceeding *pro se*, filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2002), and the Privacy Act, 5 U.S.C. § 552a (2004), appealing the disposition of his records request by the Executive Office for United States Attorneys ("EOUSA"). Defendant has filed a motion for summary judgment and plaintiff an opposition to the motion. For the following reasons, the Court will grant defendant's motion.[1]

I. BACKGROUND

    Plaintiff was sentenced and convicted of unidentified criminal offenses in the United States District Court for the Southern District of Ohio. Compl. ¶ 2. On July 17, 2002, plaintiff sent a letter to the EOUSA requesting all records pertaining to the investigation and prosecution of him by the

---

[1] Plaintiff's Privacy Act ("PA") claim is without merit. The Department of Justice's criminal case files are exempted from the access provisions of that statute. *See* 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.81(a)(4). Defendant is therefore granted summary judgment on the PA claim.

Department of Justice. Declaration ("Decl.") of John W. Kornmeier ¶ 4 & Exhibit ("Ex.") A. In response to the request, on September 27, 2004, the EOUSA released to plaintiff 118 pages in full and 29 pages in part. *Id.* ¶ 5 & Ex. B. The EOUSA also withheld 30 pages in full. *Id.* The EOUSA cited FOIA Exemptions 2, 5, 7(C), and 7(D) as the bases for the non-disclosure of the withheld records. *Id.*

On October 6, 2004, plaintiff sent an additional FOIA request to the EOUSA. *Id.* ¶ 7 & Ex. D. He requested a copy of the district court's order denying his request to withdraw his guilty plea and copies of grand jury material from his case. *Id.* The EOUSA released ten pages in full in response to the additional request. *Id.* & Ex. E. The United States Attorney's Office for the Southern District of Ohio ("USAO/SDO") conducted a search of its records and failed to locate any grand jury material pertaining to plaintiff. Decl. of Nancy Vincent ¶¶ 13e and 15.

The EOUSA made supplemental releases of documents to plaintiff on September 26 and 29, 2006. *Id.* ¶ 6 & Ex. C & Ex. C.1, disclosing to plaintiff an additional 9 pages in full and part of 5 pages, *id.* In justifying its withholding of these records, the EOUSA relied on FOIA Exemption 7(C). *Id.*

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Any factual assertions in the movant's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992).

In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the responding department or agency in affidavits or declarations when the submissions describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 ( D.C. Cir. 1981). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (citation and quotation omitted).

III. ANALYSIS

A. Adequacy of the Agency Searches

To obtain summary judgment on the issue of the adequacy of a search for records under FOIA, an agency must show, "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id.* at 127. In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

It is plaintiff's burden in challenging the adequacy of an agency's search to present evidence rebutting the agency's initial showing of a good faith search. *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983). The Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results. *Weisberg*, 745 F.2d at 1485. An agency's failure to find a particular document does not undermine the determination that the search was adequate. *Id.*; *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Mere speculation as to the existence of records not located in the agency's search does not undermine the adequacy of the search. *See Weisberg*, 745 F.2d at 1485 (focus of court's inquiry is on reasonableness of search, not whether undisclosed records may exist).

Plaintiff requested that the EOUSA provide to him all documents possessed by the USAO/SDO regarding his criminal case. Decl. of Nancy Vincent ¶ 4. That office conducted a search to determine the location of all documents related to plaintiff. *Id.* The search was conducted by the use of two computer case tracking systems, the Tracking Assistance for the Legal Office Network ("TALON") and Legal Information Office Network Systems ("LIONS"). *Id*. The systems enabled the EOUSA to retrieve all existing documents relating to plaintiff's criminal prosecution by use of his name, case file number, and district court case number. *Id.*

The scope of the search conducted in this case was adequate under the FOIA. Plaintiff has not made a compelling argument that there are other records pertaining to him that have not been located. Rather, it is apparent from the declaration submitted by the agency representative that the USAO/SDO on behalf of the EOUSA has made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996) (citing *Oglesby*, 920 F.2d at 68). No more is required. Therefore, defendant's search for plaintiff's requested records were adequate to fulfill defendant's obligations under the FOIA.

The Court will next review whether the defendant properly claimed that certain records were exempt from disclosure under the statute.

### B. FOIA Exemptions

#### 1. Exemption 2

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). This exemption protects materials involving internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and

significant public interest," and internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 369-70 (1976); *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C. Cir. 1992). Based on this exemption, the EOUSA refused to disclose the Federal Express account number for the USAO/SDO. Decl. of John W. Kornmeier ¶ 11 & Ex. G (Vaughn Index) Doc. 13. The Court finds that there is not a public interest sufficient to override the agency's appropriate interest in maintaining the secrecy of this information. This internal agency information was therefore properly withheld from plaintiff.

(2.) Exemption 5

The FOIA exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. §552(b)(5). This exemption allows an agency to withhold materials that would be privileged from discovery in civil litigation. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); *Tax Analysts v. IRS*, 294 F.3d 71, 76 (D.C. Cir. 2002). The exemption encompasses three evidentiary privileges: the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege. *Id.*

For Exemption 5 to apply to a particular record, the agency must supply sufficient information so that the Court "can sensibly determine whether each invocation of deliberative process privilege or work product shield is properly grounded." *Senate of P.R. v. United States Dep't of Justice*, 823 F.2d 574, 584 (D.C. Cir. 1987). When an agency asserts any exemption, it has the burden of establishing the right to withhold the document. *Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992). Conclusory assertions of privilege do not

satisfy the agency's burden; the claims must be supported with specificity and in detail. *Senate of P.R.*, 823 F.2d at 585 (citations and quotations omitted).

The purpose of the attorney work-product doctrine is to protect documents prepared in "contemplation of litigation" and "provides a working attorney with a 'zone of privacy' within which to think, plan, weigh facts and evidence" and express mental impressions and legal theories" without fear that the information will be disclosed in litigation. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 864 (D.C.Cir. 1980). In the FOIA context, courts have taken an approach favoring the application of this privilege. *Hornbeck Offshore Transp., LLC v. United States Coast Guard*, No. 04-1724, 2006 WL 696053, at *14 (D.D.C. Mar. 20, 2006). The test is whether the information would be routinely disclosed in private litigation to any party. *Sears, Roebuck & Co.*, 421 U.S. at 149 n.16.

The documents the EOUSA withheld under Exemption 5 are a criminal prosecution form prepared by an Assistant United States Attorney ("AUSA") involved in the prosecution of plaintiff that discussed the case, hand-written notes regarding bond review, witnesses, and possible sentences in plaintiff's prosecution, and a memorandum from an AUSA about a possible motion to be filed in the case. Decl. of John W. Kornmeier ¶ 20 & Ex. G (Vaughn Index) Docs. 2, 4, 6, 10. The EOUSA asserts that the documents were withheld because they were prepared in anticipation of litigation and contain material regarding trial preparation and strategy, and the personal evaluations and opinions of the prosecutors involved in plaintiff's prosecution. Decl. of John W. Kornmeier ¶ 15. As justification for the withholding, the EOUSA cites the attorney-work product privilege. *Id.* ¶ 14.

The information withheld under Exemption 5 is clearly covered by the work-product

privilege. *See Gilchrist v. Dep't of Justice*, No. 05-1540, 2006 WL 3091534, at *5 (D.D.C. Oct. 30, 2006); *Meserve v. Dep't of Justice*, No. 04-1844, 2006 WL 2366427, at *3 n. 5 (D.D.C. Aug. 14, 2006). Therefore, these documents were properly withheld.

(3.) Exemption 7(C)

Exemption 7(C) concerns the privacy interests of third parties and requires the Court to balance such privacy interests against the public interest in disclosure of the records. *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 171 (2004); *United States Dep't of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 773-75 (1989). The exemption protects from mandatory disclosure records compiled for law enforcement purposes, to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). In order to properly withhold materials under this exemption, two components must be satisfied: (1) the materials are law enforcement records; and (2) disclosure of the materials would involve an invasion of a third party's privacy. *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982); *Dipietro v. Executive Office for U.S. Attorneys*, 357 F. Supp. 2d 177, 184 (D.D.C. 2004).

The EOUSA has asserted this exemption to withhold personal information concerning third parties connected with plaintiff's prosecution, and the identities of federal, state and local law enforcement officials. Decl. of John W. Kornmeier ¶¶ 16, 17 & Ex. G (Vaughn Index) Docs. 1, 3-4, 6, 7-9, 11-12, 14-19. According to the declarations provided by EOUSA, this information is contained in investigative files compiled for law enforcement purposes in the prosecution of plaintiff. Decl. of John Kornmeier ¶ 16.

The deletion of the names and identifying information of federal, state and local law

enforcement personnel has been routinely upheld. *See Weisberg*, 745 F.2d at 1491; *Lesar v. Dep't of Justice*, 636 F.2d 472, 487 (D.C.Cir. 1980). Moreover, In cases involving personal data about private citizens in law enforcement records, "the privacy interest ... is at its apex." *Reporters Comm.*, 489 U.S. at 780. In addition, the names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files are protected from disclosure. *Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Perrone v. FBI*, 908 F.Supp. 24, 26 (D.D.C. 1995) (citing *Reporters Comm.*, 489 U.S. at 779); *Branch v. FBI*, 658 F.Supp. 204, 209 (D.D.C. 1987). "Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir.1990) (citations and quotations omitted); *see also Computer Prof'ls for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall within the scope of Exemption 7(C)"). The Court concludes that EOUSA has properly invoked Exemption 7(C) to protect the privacy interests of third parties.

     Having determined that EOUSA has properly asserted a privacy interest under Exemption 7(C), the Court must balance the privacy interest of the individuals mentioned in the records against the public's interest in disclosure. *Favish*, 541 U.S. at 172. Once a privacy interest is identified under Exemption 7(C), the FOIA records requester must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest. *Id.*

     "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on

'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir.1992) (quoting *Reporters Comm.*, 489 U.S. at 773). Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest equation for Exemption 7(C) purposes. *Blanton v. United States Dep't of Justice*, 63 F. Supp. 2d 35, 45 (D.D.C. 1999) (quoting *Davis*, 968 F.2d at 1282)). And in the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure. *Spirko v. United States Postal Serv.*, 147 F.3d 992, 999 (D.C. Cir. 1998); *Voinche v. FBI*, 46 F. Supp. 2d 26, 33 (D.D.C. 1999).

Here, plaintiff has not identified a public interest or alleged agency misconduct. Instead, he asserts that he needs the requested documents for his personal use in order to pursue a challenge to the validity of his conviction. Compl., Ex. A; Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 1. Plaintiff's desire for the information is irrelevant. *Favish*, 541 U.S. at 174; *Reporters Comm.*, 489 U.S. at 773. The fact that plaintiff seeks the information to advance a private agenda is not a proper basis for disclosure under the FOIA. *See, e.g., Horowitz v. Peace Corps*, 428 F.3d 271, 278-79 (D.C. Cir. 2005) (plaintiff's need for records to pursue civil suit irrelevant), *cert. denied*, 126 S.Ct. 1627 (2006); *Taylor v. U.S. Dep't of Justice*, 268 F. Supp. 2d 34, 36 (D.D.C. 2003) (no public interest in disclosure of information to assist plaintiff in challenging conviction). Therefore, the EOUSA properly withheld the records under Exemption 7(C).

### C. Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions

are inextricably intertwined with exempt portions.  *Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b).  A district court in a FOIA case has "an affirmative duty to consider the segregability issue *sua sponte*."  *Trans-Pacific Policing Agreement*, 177 F.3d at 1028.  An agency must provide a detailed justification and not just conclusory statements to prove that it has released all reasonably segregable information.  *Judicial Watch, Inc. v. U.S. Dep't of Justice*, No. 01-639, 2006 WL 2038513, at *2 (D.D.C. July 19, 2006).

Having reviewed the declaration of the EOUSA, the Court concludes that defendant has withheld only the records or portions of records exempt under applicable FOIA's provisions, and that all reasonably segregable material has been released.  See Decl. of John W. Kornmeier ¶¶ 21-22.

## IV. CONCLUSION

Based on the foregoing, defendant's motion for summary judgment is granted.  A separate order accompanies this Memorandum Opinion.

_____/s/_____
REGGIE B. WALTON
United States District Judge

DATE: March 19, 2007